UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE ROBERTO S. E., | Case No. 26-cv-1410 (LMP/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

Jacob R. Peterson, **Zimmer Law Group, LLC, Saint Paul, MN**, for Petitioner.

J. Cruz Rodriguez and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Jose Roberto S. E. is a resident of Saint Paul, Minnesota, and a citizen of Honduras who entered the United States without inspection in December 2021. ECF No. 1 ¶ 14. He was apprehended in Minnesota by Immigration and Customs Enforcement ("ICE") on January 26, 2026, *see id.* ¶ 17, and was later transported to ICE's East Camp Montana facility in El Paso, Texas, *id.* ¶¶ 9, 21. Jose Roberto S. E. asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). *See id.* ¶ 31. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a),

*id.*, and that the Government has not presented a warrant that justifies his arrest or detention, *see id.* ¶ 54. Jose Roberto S. E. filed a petition for a writ of habeas corpus challenging the lawfulness of his detention and requesting either his immediate release from custody or an order requiring the Government to conduct a bond hearing. *See id.* at 15–16.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Jose Roberto S. E. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Jose Roberto S. E.'s petition by February 19, 2026, "certifying the true cause and proper duration of Jose Roberto S. E.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 3 at 2–3.

The Government timely responded and concedes that Jose Roberto S. E.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has

2

decided." ECF No. 5 at 1. Nevertheless, the Government "assert[s] all arguments raised by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)]" and requests to "preserve those arguments for any appeal in this case." *Id.* at 1–2. The Government further represents that Jose Roberto S. E. has been returned to Minnesota as of February 17, 2026. *Id.* at 2.

Because nothing distinguishes Jose Roberto S. E.'s case from those the Court has previously decided, and because the Government has not presented a warrant that would justify Jose Roberto S. E.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Jose Roberto S. E. is entitled to immediate release from custody. The Court therefore grants Jose Roberto S. E.'s petition as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Jose Roberto S. E.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Jose Roberto S. E. from custody, without conditions and with all personal property, by no later than **5:00 p.m. on Friday, February 20, 2026**;

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than **5:00 p.m. on Monday, February 23, 2026**; and

4. If the Government seeks to impose conditions of release on Jose Roberto S. E. or to retain Jose Roberto S. E.'s property, the Government's status report must include: (a) the conditions imposed or the property retained; and (b) the legal basis on which the conditions are imposed or the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 19, 2026                *s/Laura M. Provinzino*
                                        Laura M. Provinzino
                                        United States District Judge